IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROY N. MACDONALD                                                                    PLAINTIFF

v.                                         Civil No. 4:18-cv-04026

OFFICER D. JAMES, Texarkana
Police Department; and OFFICER
VANMETER, Texarkana
Police Department                                                                   DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I. BACKGROUND

Plaintiff filed his Complaint on February 23, 2018. (ECF No. 1). Plaintiff's Complaint alleges that Defendants D. James and Vanmeter (hereinafter "Defendants") arrested him on August 20, 2018,[1] without cause, which resulted in his incarceration for 176 days. (ECF No. 1, p. 3). Plaintiff further alleges that Defendants:

> arrested unfairly falsely without being read my Miranda rights I believe 1) these officers intended to arrest confine myself 2) I was aware of confinement, 3) I did not consent to confinement, 4) This confinement is not privileged…This false arrest has caused me numerous hours of pain and suffering…

(ECF No. 1, pp. 4-5). Plaintiff's Complaint does not state whether he is suing Defendants in their individual or official capacities. Plaintiff alleges that he is entitled to compensatory and punitive

---
[1] The Court believes Plaintiff intended to reference the date of August 20, 2017.

damages. Plaintiff further requests injunctive relief, stating that he is "seeking harassment claims as to file a restraining order against these officers in lieu of the constant use of emc 'electromagnetic' mind control weapons which are not available to civilians but by only officers of agencies." (ECF No. 1, p. 7).

## II. DISCUSSION

As previously stated, the PLRA requires the Court to screen cases prior to service of process being issued. Plaintiff asserts a claim of false arrest against Defendants. This claim, which challenges the validity of the pending state criminal proceedings against Plaintiff, is barred under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 59 (1971).[2]

The *Younger* doctrine "directs federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending state proceedings" involving important state interests. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998). The *Younger* abstention doctrine is a reflection of the public policy that disfavors federal court interference with state judicial proceedings, and is based on the principles of comity and federalism. *See Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

Three factors must be determined affirmatively to result in abstention under *Younger*: (1) there must be an ongoing state judicial proceeding which (2) implicates important state interests, and (3) that proceeding must afford an adequate opportunity to raise the federal questions presented. *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). If all three factors are met, the federal court must abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). This bad faith exception "must be construed

---

[2] A criminal case, 46 CR-17-568, for aggravated assault is currently pending against Plaintiff in the Circuit Court of Miller County, Arkansas.

2

narrowly and only invoked in extraordinary circumstances." *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) (internal quotation marks omitted).

The Court finds that the *Younger* abstention doctrine applies to this case because Plaintiff's claim involves an ongoing state judicial criminal proceeding against Plaintiff, the state clearly has an important interest in enforcing its criminal laws, and Plaintiff has given no indication that he cannot raise his constitutional claims during the state criminal proceedings. *Conley v. Hiland*, No. 4:15-cv0359-SWW, 2015 WL 4096152, at *1 (E.D. Ark. July 7, 2015). There is also no indication of bad faith or any other extraordinary circumstance that would make abstention inappropriate. Because Plaintiff seeks monetary damages and injunctive relief, the *Younger* abstention doctrine favors dismissal. *See Night Clubs, Inc.*, 163 F.3d at 481.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 9th day of March, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge